# **Class Exhibit L**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| LAURA POWERS, CHRISTINA ROSEAN, Individually and on Behalf of Those Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH FIRST, INC., <br><br> Defendant. | No. 6:23-cv-00375-JSS-RMN |

**DECLARATION OF R. STEPHEN BERRY IN SUPPORT**
**OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

R. Stephen Berry declares as follows:

1.      I am over eighteen years of age and have personal knowledge of the matters contained herein.

2.      I am a member of the bars of the District of Columbia and of the United States District Court for the District of Columbia.

3.      Under Rule 23(g)(1), unless a statute provides otherwise, a court that certifies a class must appoint class counsel. Fed. R. Civ. P. 23(g)(1). "In appointing class counsel, the court: must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii)

counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.*

## Work in Support of Class Claims

4.    With Tucker Byrd, Berry Law has been representing the proposed Classes over four years in this matter and the closely-related and immediately antecedent matter in this Court *Colucci, et al. v. Health First, Inc.,* Case No. 6:21-CV-00681-RBD-DAB. This work began to permit the filing of the original *Colucci* Complaint in April 2021.

5.    Berry Law has worked on this file for these matters since January 2019.

6.    With Tucker Byrd, Berry Law has (a) successfully defended two Motions to Dismiss in this matter (*See* Opinions and Orders (Dkts. 53, 103); (b) defended the two proposed Class Representatives' depositions; (c) assisted their document production; and (d) coordinated the prosecution of this matter with the proposed Class Representatives since 2023.

7.    With Tucker Byrd, Berry Law has (a) drafted and served Plaintiffs' eight requests for production of documents over two years addressing in part extensive production from voluminous Health First transaction and billing databases in support of class predominance econometric expert analysis regarding classwide antitrust price injury; and (b) defended or filed multiple discovery motions including Plaintiffs' Motion to Compel Production of *Kennedy* Documents (Dkt. 133).

8.    Berry Law has retained and worked closely with Dr. John Gale, Ph,D. over four years to assist the preparation of his expert initial class report in support of

2

the Motion for Class Certification filed this day, and will assist the defense of his forthcoming class deposition.

9.    Berry Law has drafted the Motion for Class Certification filed this day.

### Resources

10.    Berry Law has advanced to the Classes several hundred thousand dollars in class costs, including large advances for class expert fees, since 2021. Berry Law has devoted over 2,000 hours in attorney and paralegal time since 2019 to the prosecution of this matter and the closely related *Colucci* matter.

### Experience Representing Class and Antitrust Claims

11.    Over the past thirty years, Berry Law has built an extensive nationwide practice with a heavy emphasis on the representation of large-scale, national classes in antitrust actions. As solo lead, class counsel, Berry Law tried to a successful judgment a class monopolization action in *Morelock Enterprises, Inc. v. Weyerhaeuser Co.*, Civ. No. 3:04-cv-00583-PA (D. Ore., filed April 29, 2004). There Berry Law represented over 3000 businesses purchasing alder lumber claiming to be overcharged by the Weyerhaeuser Company. The class was certified and its claims were successfully tried to a jury, with a judgment entered for $84 million during appeal.

12.    In addition to *Morelock*, Berry Law has represented the following antitrust classes.

> *The Dial Corporation, et al. v. News Corp., et al.*, No. 2:12-cv-15613 (S.D.N.Y.) was originated by Berry Law and, with recruited, national co-counsel, a certified business class of hundreds of "consumer package good" businesses purchasing in-store promotions, achieved, after trial opening statements, a settlement of over $200 million. Berry Law was

3

retained by seven Fortune 500 purchasers (The Dial Corporation, H.J. Heinz Company, Foster Poultry Farms, Smithfield Foods, Inc., HP Hood LLC, BEF Food, Inc. and Spectrum Brands, Inc.) to prosecute the matter as class representatives. The class was certified.

*R&D Business Systems, Inc. v. Xerox Corp.,* No. 2:92-cv-00042 (E.D. Tex., filed March 24, 1992). These class monopolization claims were settled by Xerox for in excess of $230 million.

*Southeast Georgia Regional Medical Ctr. v. General Electric Co.,* Civ. No. 299-381 (S.D. Ga., filed Dec. 9, 1999). Here Berry Law served as lead counsel. GE settled class monopolization claims for $17 million in service monopoly overcharges on CT scanners.

*Lingo et al. v. Microsoft Corp.*, No. J.C.C.P. 4106 (CA Super. Ct, filed Feb. 18, 1999). The Superior Court approved a class monopolization settlement under which Microsoft agreed to provide 13 million California businesses and consumers, as purchasers of Microsoft operating system and application software, vouchers worth (as determined by the Court) at least $730 million which were used to buy desktop computer hardware or software from any vendor, including Microsoft's rivals. Berry Law originated these state claims well before the resolution of the United States' enforcement action.

*Bradburn Parent/Teacher Store, Inc. v. 3M, No. 02-7676* (E.D. Pa., filed Oct. 2, 2002). Berry Law was solo lead counsel in a class monopolization action representing a class of companies that were direct purchasers of transparent and invisible tape from 3M. The matter was certified and successfully settled on the eve of trial.

13. With co-counsel I am lead counsel presently representing since March 31, 2020, a proposed class alleging monopolization of the sale of PICC catheters in the United States District Court for the District of Utah now on appeal to the Tenth Circuit. *North Brevard Hospital District d/b/a Parrish Medical Center v. C.R. Bard, et al.,* Case No. 24-4039. (Berry Law argued this pending class and merits appeal). This matter seeks to represent a proposed class of thousands of United States hospitals nationwide.

14.     Berry Law is co-lead counsel in the monopolization class action *Midwest Insulation Services, Inc. v. Johns Manville Corporation*, Case No. 1:25-cv-00534-NRN (filed February 19, 2025) representing a proposed class of insulation contractors in 25 states and the District of Columbia.

15.     While working as an Attorney Advisor at the United States Department of Justice, I had principal staff responsibility for the Department's comprehensive study of reforms to Fed. R. Civ. P. 23 and for the Department's recommendations as to legislation for the purpose of revising class action procedure (under the supervision of Attorney General Griffin Bell and Assistant Attorney General Daniel Meador). *See* Berry, *Ending Substance's Indenture to Procedure: The Imperative for Comprehensive Revision of the Class Damage Action*, 80 Colum. L. Rev. 299 (1980). I also helped staff the National Commission for Revision of Antitrust Law and Procedure.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 16, 2025.

/s/ R. Stephen Berry
R. STEPHEN BERRY

5