UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA POWERS and CHRISTINA
ROSEAN,

     Plaintiffs,

v.                                                                     Case No: 6:23-cv-375-JSS-RMN

HEALTH FIRST, INC.,

     Defendant.

_____/

## ORDER

Plaintiffs object to the magistrate judge's order (Dkt. 256) granting Defendant's motion for a protective order (Dkt. 249). (*See* Dkt. 258.) For the reasons discussed below, the court overrules Plaintiffs' objections and affirms the magistrate judge's order.

## BACKGROUND

The case management and scheduling order for this case sets a March 2, 2026, "[d]eadline for completing merits fact discovery and filing any motion to compel merits fact discovery." (Dkt. 132 at 1.) On March 2, 2026, Plaintiffs noticed a deposition for March 18, 2026, regarding certain records Defendant produced in August 2023. (Dkt 249 at 1–2.) That same day, Defendant stipulated that the records were authentic business records. (*Id.* at 2.) On March 5, 2026, Plaintiffs served an amended notice, moving the deposition to March 11, 2026. (*Id.*) On March 6, 2026,

Defendant filed a motion for a protective order, noting that merits discovery ended on March 2, 2026, and that the amended notice provided only six days' notice, violating Middle District of Florida Local Rule 3.04.  (Dkt. 249.)  Plaintiffs filed a response opposing Defendant's motion. (Dkt. 252.)  The magistrate judge granted Defendant's motion for a protective order for three reasons: first, because Plaintiffs violated Local Rule 3.04; second, because fact-based merits related discovery closed on March 2, 2026; and third, because Defendant stipulated to the authenticity of the business records, thereby obviating the need for a deposition.  (Dkt. 256.)

## APPLICABLE STANDARDS

When a magistrate judge issues an order on a non-dispositive pretrial matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).  "Clear error is a highly deferential standard of review."  *United States ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 101 F. Supp. 3d 1280, 1281 (S.D. Fla. 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotation omitted).  "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  *Id.* at 574.  "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case[]law, or rules of procedure."

- 2 -

*Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-cv-1195-J-34MCR, 2013 WL 5330258, at \*1 (M.D. Fla. Sept. 23, 2013) (cleaned up).  "However, where the [m]agistrate [j]udge's order reflects an exercise of judicial discretion, the district court should reverse only when that discretion has been abused." *Bumbury*, 101 F. Supp. 3d at 1281 (citing *Sec. & Exch. Comm'n v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

## ANALYSIS

Having reviewed Defendant's motion for a protective order (Dkt. 249), Plaintiffs' response to the motion (Dkt. 252), the magistrate judge's order on the motion (Dkt. 256), and Plaintiffs' objections to the order (Dkt. 258), the court concludes that no part of the order is clearly erroneous or contrary to law.  Therefore, the court overrules Plaintiffs' objections and affirms the order.

Plaintiffs do not argue that the magistrate judge's order was clearly erroneous or contrary to law, nor do they cite any case law in support of their objection.  (*See* Dkt. 258.)  *See United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (explaining that a party forfeits a position when they "cite[] no legal authority to support it").  Instead, Plaintiffs state that the magistrate judge "not unreasonably ruled he was bound by the merits discovery deadline of March 2, 2026[,] in the [c]ase [m]anagement and [s]cheduling [o]rder [(CMSO)]" which Plaintiffs had moved to hold in abeyance on March 2, 2026 (Dkt. 236).  (Dkt. 258 at 1–2.)  Plaintiffs request "that merits discovery not be cut off by this [c]ourt to deny the deposition until this [c]ourt has had sufficient time to address the pending CMSO [m]otion."  (Dkt. 258 at 2.)  The court denied that motion on March 12, 2026.  (Dkt. 262.)  Plaintiffs also assert

that they "will be manifestly prejudiced in developing a full evidentiary record at the show cause hearing if this deposition is denied" because Defendant has disputed "the relevance and materiality" of certain records.  (Dkt. 258 at 2–3.)  *See Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002) (noting that "parties who delay in taking a needed deposition . . . assume a risk: they cannot count on the trial court's allowing a deposition to be taken" after the deadline to do so).  Defendant has done no such thing—in fact, Defendant "stipulated the records are [authentic] business records."  (Dkt. 249 at 2 (quotation omitted).)  Rather, Defendant simply disputes that the records are subject to Plaintiffs' preferred interpretation.  (*See* Dkt. 248.)  To the extent Plaintiffs seek to inquire further concerning the records at issue, they may do so at the upcoming evidentiary hearing.  *See Voltz v. TA Operating, LLC*, No. 5:22-CV-431-JSM-PRL, 2023 WL 3394211, at *1 (M.D. Fla. Apr. 13, 2023) ("[T]he [c]ourt will make all efforts to minimize any prejudice . . . ."); *Obeidallah v. Anglin*, No. 2:17-CV-720, 2019 WL 2281489, at *3 (S.D. Ohio May 29, 2019) (finding that prejudice was avoided by allowing a party to establish certain facts through testimony at an evidentiary hearing).

## CONCLUSION

Accordingly:

1. Plaintiffs' objections (Dkt. 258) are **OVERRULED**.

2. The magistrate judge's order (Dkt. 256) is **AFFIRMED**.

**ORDERED** in Orlando, Florida, on March 19, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record