UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA POWERS; and
CHRISTINA ROSEAN,

    Plaintiffs,

  vs.

HEALTH FIRST, INC.,

    Defendant.

Case No.
6:23-cv-375-JSS-RMN

ORDER

This matter is before the Court without oral argument on Plaintiffs' Motion to Reopen Hearing (Dkt. 254), filed March 9, 2026. Defendant filed a response in opposition. Dkt. 280. For the reasons stated below, the Motion is denied.

Merits fact-based discovery closed on March 2, 2026. Plaintiffs waited six days after the close of discovery to file the instant Motion. Unfortunately, that is not the only problem with Plaintiffs' prosecution of this case. In the Motion, Plaintiffs ask to "re-open" a hearing that took place on October 24, 2024—almost 18 months ago. In that hearing, the Court explained to Plaintiffs that they need to seek the relief requested—unsealing certain judicial records filed in a different

state court proceeding—from the state court. Plaintiffs then waited *thirteen months* to file a motion with the state court and another *three months* to set a hearing on that motion, which occurred on February 26, 2026. Notably, this hearing was only four calendar days—two business days—before the close of merits-based fact discovery. *See* Dkt. 254 at 5031.[1]

Federal Rule of Civil Procedure 16 requires that a court's scheduling order contain a limit on the time for parties to complete discovery and file motions. Fed. R. Civ. P. 16(b)(3)(A). After the court issues a scheduling order, Rule 16(b)(4) provides that it "may be modified only for good cause and with the judge's consent." *Id.* "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503. F. App'x 683, 685 (11th Cir. 2013). Rule 16(b)(4)'s "good cause" standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with the court's scheduling order. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Febus-Cruz v. Sauri-Santiago*, 652 F. Supp. 2d 166, 170 n.3 (D.P.R. 2009). Indeed, "litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly

---

[1] In this Order, pinpoint citations to the record reference the PageID found in the CM/ECF header of each page.

disregarded without peril.'" *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004); *see also Tower Ventures, Inc. v. Westfield*, 296 F.3d 43, 45 (1st Cir. 2002) ("In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation.").

Not only is the request untimely (*see* Dkt. 256 (granting protective order because Plaintiffs' motion was untimely)), but the Motion does not address Rule 16(b)(4)'s diligence and good cause requirements. *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Plaintiffs do not even attempt to explain why they waited so long to seek the relief they are asking for now. The absence of a frank, honest, and straightforward explanation for counsel's lackadaisical approach to pursuing the requested discovery is troubling. But more importantly, because Plaintiffs do not provide any explanation for their lack of alacrity, they have failed to establish their diligence. For this reason, Plaintiffs' Motion to Reopen Hearing (Dkt. 254) is **DENIED**.

**SO ORDERED** in Orlando, Florida, on April 6, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 3 -

- 4 -

Copies to:

Counsel of Record