**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| LAURA POWERS, CHRISTINA ROSEAN, Individually and on Behalf of Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH FIRST, INC.,<br><br>Defendant. | No. 6:23-cv-00375-JSS-RMN |

**HEARING REQUESTED**

**PLAINTIFFS' OBJECTION TO ORDER DECLINING**
**TO DIRECT PRODUCTION OF TEN DEPOSITIONS**
**OF HEATH FIRST PERSONNEL**

Pursuant to Fed. R. Civ. P. 72 (a) and 28 U.S.C. § 636(b)(1)(C), Plaintiffs object

to an Order of the Honorable Magistrate Judge Robert Norway (Dkt. 285) declining

to make a favorable merits production ruling after well over twelve months of Plaintiff

endeavor to enforce a Motion to Compel filed on March 11, 2025. Given the

importance of this matter, a hearing is requested. Dkt. 291.

**Depositions Sought.** Health First contends that confidentiality protections in

*Kennedy, et al. v. Health First, Inc., et al*, Case No. 5-2019-CA-031604 (Div. L) in the

Circuit Court, Eighteenth Judicial Circuit, In and For Brevard County, Florida, excuse

it from the production of ten highly-relevant stenographic and video transcripts and

exhibits from depositions taken of ten Health First personnel.[1] If production is ordered, such confidentiality protections would be safeguarded by equivalent federal protection.[2] ***Therefore, there would be no Health First confidentiality prejudice. Rather, it seeks opportunistic and pretexual concealment of these depositions prejudicing a fair trial and completely at odds with Fed. R. Civ. P. 26(b)(1)'s broad discovery mandate.*** Plaintiffs contend production would be highly damaging to its antitrust defenses, including evidence from its own personnel for over a decade showing its continuous exclusionary conduct maintaining monopoly power enabling injury to patients and plans across Brevard County.

The depositions were taken in the contemporaneous, parallel, and overlapping *Kennedy* State matter where the antitrust physicians alleged monopolization and exclusive dealing in the same Brevard County relevant geographic market.

**Order.** Plaintiffs' discovery has been the subject of two hearings before Magistrate Judge Norway. Declaration of R. Stephen Berry ¶ 4 (Exhibit A hereto). Plaintiffs ask for a final production ruling now relating back to their March 11, 2025 Motion to Compel (Dkt. 133) now that they have addressed with the *Kennedy* Court its confidentiality rulings, as compelled by Judge Norway.[3]  He erroneously declines

---

[1] Ifran Imani; Jose Ramos; Marty Brown; Steven Wright; Chad Berlin; Sid Greenwell; Drew Rector; Sean Gregory; Brett Esrock; and Mike McLaughlin.

[2] This protection would be provided by designating the production sought under this matters' Confidentiality and Nondisclosure Agreement ¶¶ 7-13 as "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY."

[3] Dkt. 254; Hearing Tr. April 22, 2025 at 46:2-18; 47:5-9; 48:5-8; 49:22 to 50:1. *See also* 21:21 to 22:2; 24:4-8; 25:15-18; 36:10-15; 37:10-16; 39:11-14.

to make this important production ruling.

Plaintiffs contend the Motion seeking production relates back to their Motion to Compel served on March 11, 2025, nearly a year before the March 2, 2026 merits discovery deadline. Instead, Judge Norway chooses to treat the Motion as a *new* merits discovery motion filed six (6) days after the deadline. Dkt. 285. He declines to rule on the merits of production, finding Plaintiffs failed to show due diligence for this few day "lackadaisical" filing lapse. *Id.* Plaintiffs did not brief diligence as to this few day lapse because they contend the relevant discovery motion was filed nearly twelve months and well before the discovery deadline. Dkt. 133. Judge Norway makes clear error by failing to find this latter fact, or by even failing to address it.

**Due Diligence.** Even if Plaintiffs' Motion is unreasonably and unfairly deemed to be a new motion a few days after the discovery deadline, it is clear error to find no due diligence overall in seeking this production. Strenuous and diligent efforts have been made to obtain this production over the last year. Declaration of R. Stephen Berry ¶¶ 4-5 (Exhibit A hereto). It took Plaintiffs *ten months* to obtain the State Court hearing compelled by Judge Norway notwithstanding multiple and diligent efforts to speed up the process, indeed even to find a State Judge to hear their Motion *Id* ¶ 5. These long delays through no fault of counsel should not prejudice the fair trial of Plaintiffs by preventing highly-relevant production.

**Highly-Relevant Depositions of Ten Health First Personnel.** Fed. R. Civ. P. 26(b)(1) broadly permits parties to obtain:

3

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010). "Relevance under Rule 26 has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case. [T]he broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy." *Id.* (internal quotation and citation omitted).

Health First is, or was, a defendant in both *Powers* and *Kennedy*. Both are contemporaneous actions alleging Health First monopolization and exclusive dealing in the same relevant geographic market (Brevard County). *Kennedy* was filed on June 3, 2019, and dismissed after settlement on the eve of trial on April 9, 2024. The *Kennedy* antitrust physician plaintiffs sought to provide intervention radiology services in Health First hospitals. They brought claims against Health First under Florida antitrust law. *Kennedy* First Amended Complaint. ¶¶ 17-18, 52-65. Alleged was unlawful and pervasive Health First monopolization and exclusive dealing to prevent them access to the Health First hospitals in Brevard County if they did not protect Health First's hospital monopoly by referral of patients only to Health First hospitals. *Id.*

4

[P]hysicians and physician groups practicing in Southern Brevard County that want to be included in Health First's provider network must agree to refer all or nearly all patients to Health First Hospitals and other providers with whom Health First has an exclusive or de facto exclusive arrangement. These exclusive dealing arrangements were obtained through coercion, including threats of denying those participants the ability to exercise hospital privileges at Health First Hospitals, preventing those participants from being providers for Health First Health Plans, and prohibiting other physicians from referring patients to those participants. *Id.* ¶ 17.[4]

The *Powers* First Amended Complaint raises the same or similar allegation. First Amended Complaint ¶¶ 131, 161-73.[5]

Health First's *Kennedy* document production (including potentially important text exchanges behind closed doors) -- forming the basis of the ten depositions of the Health First personnel -- demonstrate they and their exhibits are likely to be highly-relevant here. Counsel has reviewed the public record of the physicians' document production requests (including text requests in their deposition notices directed to the Health First personnel) to determine whether production of these deposition transcripts and exhibits are likely to yield evidence relevant to the trial of this matter. Declaration of R. Stephen Berry ¶¶ 3-6 (Exhibit B hereto) or, at the very least, lead to the discovery of relevant evidence in *Powers.*

**A Production Order.** Prevailing federal precedent supports production.

---

[4] Physicians who refuse to "play ball" with Health First (including by joining Health First Medical Group or as a physicians group with an exclusive arrangement with Health First) are not only denied access by Defendants, but they are blacklisted by all physicians who have agreed to the exclusive dealing arrangements. *Id.* ¶ 18.

[5] *See also id.* ¶ 62 (a-f) (summary of exclusionary, coercive Health First conduct directed at independent physicians to prevent patient referrals to hospitals competing with Health First).

[I]n cases presenting federal questions, such as here, discoverability, privileges, and confidentiality are governed by federal law, not state law. **[**S]tate statutory privileges ... must be construed narrowly, and *must yield when outweighed by a federal interest in presenting relevant information to a trier of fact*. In other words, *state privilege rules should not be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy*….

*Crosby*, 269 F.R.D. at 274 (internal quotation and citation omitted) (emphasis supplied). *See also King v. Conde,* 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (Weinstein, J).[6] In *Crosby* State confidentiality was protected by redaction. 269 F.R.D. at 275. By the same token, here *Kennedy* confidentiality is protected by the Confidentiality Agreement. *Supra* at 2 n.2.

**Pretexts to Suppress Evidence Potentially Highly Damaging to Health First Trial Defenses.** Health First's objections to production are manifestly pretextual and sporting since the production will in no way prejudice legitimate Health First confidentiality interests. They would be fully protected with production. *Supra* at 2 n.2.

---

[6] *See also Southerland v. Bragg*, No. 25 Civ. 976, 2026 WL 1026859, at *7 (S.D.N.Y, filed April 4, 2026) (a federal court may order production of materials sealed pursuant to State law in the course of discovery in service of a federal claim because "[w]hen a plaintiff sues in federal court to vindicate federal civil rights, New York state law does not govern discoverability and confidentiality"; the Federal Rules of Civil Procedure and Evidence do") (citation and internal quotation omitted); *Lanning v. City of Glens Falls*, No. 1:16-CV-132, 2016 WL 10650826, at *2 (N.D.N.Y, filed June 14, 2016) (production of a District Attorney's file covered by State sealing orders because those orders are not controlling in this federal litigation); *Blight v. City of Manteca*, 240 F.Supp.3d 1047, 1054 (E. D. Cal. 2016) (a court has the authority to compel production of a search warrant sealed by a State judge); *In Re Oracle Securities Litigation*, No. C–01–0988, 2005 WL 6768164, at *3 (N.D. Cal., filed Aug. 5, 2005) (Rule 26(b)(1) grants the court authority to "order discovery of any matter relevant to the subject matter involved in the action" upon a showing of good cause).

6

As set out above, and contrary to Health First's Opposition to the Motion (Dkt. 280), Plaintiffs have demonstrably shown good cause and diligence herein as to why a Motion seeking a production Order now is more than timely, and a fair trial should not be prejudiced. In addition, the *Kennedy* Court's dismissal of the confidentiality relief sought manifestly does not determine whether federal discovery is appropriate. *Supra* at 5-6.

**Further, and importantly, the Court will take notice it does not even attempt to show (a) its confidentiality interests would be prejudiced if it meets its manifest duty under Rule 26(b)(1) to produce the ten depositions; and (b) the depositions are not likely to be highly relevant to a fair trial.**

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to Order the production of the depositions sought.

Dated: April 20, 2026

Respectfully submitted,

BY: */s/ R. Stephen Berry*
Trial Counsel
R. Stephen Berry
*(Admitted Pro Hac Vice)*
**Berry Law PLLC**
1100 Connecticut Avenue NW
Suite 645
Washington, DC 20036
Telephone: (202) 296-1212
sberry@berrylawpllc.com

Tucker H. Byrd
Florida Bar No. 381632
**Byrd Campbell, P.A.**
180 Park Avenue North, Ste 2A

Winter Park, FL 32789
Telephone: (407) 392-2285
TByrd@ByrdCampbell.com

Ronald G. Meyer
**Meyer, Blohm and Powell, P.A.**
Post Office Box 1547
Tallahassee, FL  32302
rmeyer@meyerblohmlaw.com
Telephone: (850) 878-5212

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026 I have caused the foregoing to be served via the ECF system on counsel for the Defendant.

/s/ *R. Stephen Berry*
R. Stephen Berry