**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:23-CV-00375-JSS-RMN**

LAURA POWERS and
CHRISTINA ROSEAN,

      Plaintiffs,

v.

HEALTH FIRST, INC.,

      Defendant.

_____/

**DEFENDANT HEALTH FIRST, INC.'S RESPONSE TO PLAINTIFFS'**
**"OBJECTION TO ORDER DECLINING TO DIRECT PRODUCTION OF**
**TEN DEPOSITIONS OF HEALTH FIRST PERSONNEL"**

Defendant, Health First, Inc. ("HF"), responds to Plaintiffs' "Objection to Order [(Dkt. 285) ("Order")] Declining to Direct Production of Ten Depositions of Health First Personnel" (Dkt. 292) ("Objection"). The Objection should be overruled. *First*, Plaintiffs raise new arguments never presented to Judge Norway. *Second*, the Objection is untimely because it effectively challenges an April 2025 order (Dkt. 142). *Third*, the Order was not clearly erroneous but a straightforward application of the Case Management and Scheduling Order ("CMSO") and Rule 16. Even considering Plaintiffs' new arguments, the record amply supports the finding that Plaintiffs lacked diligence or good cause. *Finally*, the discovery

requests are not tailored to this case, and ordering production would require the Court to disregard state court orders and the Full Faith and Credit Act.

## I.     BACKGROUND

Plaintiffs' Objection concerns a discovery dispute over materials from a state court action, *Kennedy, et al. v. Health First, Inc. et al.*, Case No. 05-2019-CA-031604, before the 18th Judicial Circuit, for Brevard County, Florida (the "State Court").[1] *Kennedy* was concluded via an April 2024 stipulation of dismissal with prejudice.

On July 22, 2024, Plaintiffs served document requests on HF seeking materials from *Kennedy.* They also subpoenaed the *Kennedy* plaintiffs for the same. HF objected and moved to quash on relevance grounds and because the materials were subject to a confidentiality protective order entered by the State Court. (Dkt. 101.) At the October 24, 2024 hearing, Judge Norway explained that the Full Faith and Credit Act barred the Court from modifying a state court order, and directed Plaintiffs to seek relief *directly* from the State Court. **Ex. 1** (10/24/24 Hr'g Tr.) at 47:22-48:5, 53:2-4, 53:9-10, 53:19-22. Plaintiffs withdrew their subpoena.

Plaintiffs did not seek relief from the State Court. Instead, they served HF a new request for production for different *Kennedy* materials. HF objected, and Plaintiffs moved to compel. (Dkt. 133.) At an April 22, 2025 hearing, the Court

---

[1] Undersigned counsel's law firm represented defendant Brevard Physician Associates, not HF, in the *Kennedy* case.

denied the motion to compel and *again* directed Plaintiffs to seek relief from the State Court. **Ex. 2** (4/22/25 Hr'g Tr.) at 46:13-18, 47:5-7, 50:25-51:2; (Dkt. 142). The Court did not rule on HF's relevance objections. **Ex. 2** at 49:22-50:8.

Plaintiffs set a hearing in the State Court for July 24, 2025, but it was canceled by the court after Plaintiffs failed to file the required notice of hearing. **Ex. 3**, ¶ 4 & Ex. A. Despite the State Court's clear instructions on re-scheduling the hearing, **Ex. 3**, ¶ 5 & Ex. A, Plaintiffs did nothing for nearly four months and have offered no explanation for their failure to attempt to re-schedule the hearing. *Id.* It was not until November 10, 2025, that Plaintiffs moved to reopen the *Kennedy* case, and then, weeks later, noticed that motion for hearing on February 26, 2026—two business days before merits fact discovery closed in this case. **Ex. 3**, ¶ 6 & Exs. B-D. The State Court denied Plaintiffs' motion, holding that it lacked subject-matter jurisdiction and that Plaintiffs lacked standing. **Ex. 4**.

On the day merits fact discovery closed, Plaintiffs moved for an abeyance of all merits deadlines, citing the "continuing" dispute over the *Kennedy* materials. (Dkt. 236.) The Court denied that request, finding no good cause and that Plaintiffs had done "little to show [they were] diligent." (Dkt. 262 (citation modified).)

On March 9, 2026, Plaintiffs moved to reopen the April 22, 2025 hearing in this Court concerning the *Kennedy* materials. (Dkt. 254 ("Motion to Reopen").) The Court denied the Motion to Reopen. Order at 1-3. Plaintiffs now object.

3

## II.     ARGUMENT

**A.     Plaintiffs' New Arguments Should Not Be Considered.**

Plaintiffs contend that their March 9, <u>**2026**</u> Motion to Reopen should have "related back" to their March 11, <u>**2025**</u> motion to compel, and that Judge Norway clearly erred in treating it as a new, post-deadline discovery motion. Mot. at 3. Plaintiffs assert that this "relation back" explains why they did not address "diligence"—an issue they now address in their Objection. *Id*. Neither argument was presented to Judge Norway. (Dkt. 254.)

Courts routinely decline to consider arguments raised in objections but not presented to the magistrate judge. *See, e.g., Deligdish v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696-JSS-DCI, 2025 WL 2217710, at *9 (M.D. Fla. Aug. 5, 2025) (refusing to consider new argument raised in objection); *Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, No. 3:15-cv-849-J-34PDB, 2017 WL 2992059, at *2 (M.D. Fla. July 14, 2017) (overruling objection that raised Rule 16 and diligence for the first time).

Because Plaintiffs' assertion of "clear error" rests on a theory never presented to Judge Norway, the Court should decline to consider it.

**B.     Plaintiffs' Arguments Fail as Untimely.**

Plaintiffs' Objection also fails because it is untimely and thus not properly before the Court. Under Fed. R. Civ. P. 72(a), a party may object to a magistrate judge's non-dispositive order within 14 days, but "may not assign as error a defect

4

in the order not timely objected to." Plaintiffs do not confine their Objection to alleged errors in the Order. *Instead*, they ask the Court to "[o]rder the production of the depositions sought," Mot. at 7—relief that Judge Norway ***expressly denied in April 2025*** (Dkt. 142). Plaintiffs did not object to that ruling, and Rule 72(a) does not permit a party to obtain relief previously denied by styling the request as an objection to a later order. *See Commodity Futures Trading Comm'n v. Fintech Inv. Grp., Inc.*, No. 6:20-cv-652-WWB-EJK, 2021 WL 6091108, at *1 (M.D. Fla. Dec. 13, 2021) (overruling objection where party challenged a later order by raising issues from an earlier, unappealed order). The Objection therefore is untimely.

### C.    The Order Is Not Clearly Erroneous.

A magistrate judge's order on a non-dispositive matter may be set aside or modified only if "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Griffin v. Calderon*, No. 6:24-cv-1432-PGB-LHP, 2024 WL 4979460, at *1 (M.D. Fla. Dec. 4, 2024) (citation modified).

#### 1.    Plaintiffs' Motion to Reopen Was Untimely.

The Court did not err in concluding that the Motion to Reopen was untimely. The CMSO set March 2, 2026, as the deadline to "***complete***" merits fact discovery (Dkt. 132), which means "all discovery must be completed by that date."

*Prudential Ins. Co. of Am. v. Gardina*, No. 6:23-cv-1125-JSS-DCI, 2024 WL 3377800, at *1 (M.D. Fla. July 11, 2024) (citation modified). Plaintiffs filed the Motion to Reopen on March 9, 2026. The conclusion that this late filing warranted denial was a straightforward application of the CMSO.[2] *See Heller Bros. Packing Corp. v. Ill. Union Ins. Co.*, No. 6:18-cv-1668-Orl-78DCI, 2019 WL 13564057, at *1 (M.D. Fla. Aug. 16, 2019) ("[T]he procedural requirements of the CMSO must be followed.").

Even were the Court to consider Plaintiffs' new argument that the Motion to Reopen related back to their motion to compel denied nearly a year earlier, that argument fails. Any discovery sought after March 2, 2026, required modification of the CMSO. *Id.* (treating motion to compel filed after discovery cutoff as a belated request to extend discovery deadline). That a motion "stems from" an earlier dispute does not alter that analysis. *See Strike 3 Holdings, LLC v. Doe*, No. 2:22-cv-738-JES-NPM, 2022 WL 17465699, at *4 (M.D. Fla. Sept. 9, 2022).

### 2.    Plaintiffs Failed to Demonstrate Good Cause and Diligence.

After the close of merits fact discovery in this case, Plaintiffs moved to reopen the hearing on their motion to compel after *several months* of delay in attempting to follow the Court's April 22, 2025 instructions to pursue relief directly

---

[2] Scheduling orders are not "aspirational." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004); *Arniotis v. Comm'r of Soc. Sec.*, No. 2:20-cv-835-NPM, 2021 WL 4169368, at *1 (M.D. Fla. Sept. 14, 2021) (A CMSO is not a "frivolous piece of paper . . . which can be cavalierly disregarded without peril[.]") (citation modified).

in the State Court. Order at 1-2. The State Court hearing ultimately occurred just two business days before the discovery cutoff in this case. Based on these facts, the Court did not clearly err in finding that Plaintiffs failed to show good cause or diligence under Rule 16(b)(4).[3] *See Heller*, 2019 WL 13564057, at *2 (denying post-deadline motion to compel; courts grant extensions "only when the motion complies with the CMSO, is supported by good cause, *and* is filed within the discovery period").[4]

Plaintiffs' belated attempt to show diligence, by asserting that it took ten months to obtain a State Court hearing, is inaccurate.[5] Plaintiffs should have

---

[3] Because Plaintiffs filed the Motion to Reopen *after* the discovery cutoff, they also had to show excusable neglect. They have made no such showing. *See* Fed. R. Civ. P. 6(b)(1)(B); (Dkt. 280 at 8-9) (citing *Denson v. Kinney*, No. 2:21-cv-497-JES-NPM, 2023 WL 2914512, at *3 (M.D. Fla. Apr. 12, 2023) ("As for excusable neglect, Denson fails to even cite the standard, let alone argue it. On this basis alone, the court could deny his motion.")).

[4] *See Carvalho-Knighton v. Univ. of S. Fla. Bd. of Trs.*, No. 8:14-cv-1097-T-35TGW, 2016 WL 7666152, at *1 (M.D. Fla. Feb. 16, 2016) (denying extension where party had ample time and opportunity to obtain discovery within schedule but failed); *Weiss v. City of Gainesville, Fla.*, 462 F. App'x 898, 912 (11th Cir. 2012) (affirming denial of motion to extend discovery where failure to secure deposition resulted from movant's delay); *Aguirrechu v. Walgreen Co.*, No. 8:13-cv-1968-T-36AEP, 2014 WL 12620834, at *1 (M.D. Fla. Aug. 11, 2014) (no good cause to extend discovery where party knew of need for deposition months before cutoff but waited until days before deadline to schedule).

[5] Plaintiffs' counsel also asserts a seven-month "hiatus" between April 11 and November 10, 2025, where Plaintiffs were "seeking to find a State Judge to hear Plaintiffs' Motion as required by Judge Norway." (Dkt. 292 at Ex. A at 2.) That is incorrect. *First*, Plaintiffs had no motion pending in State Court during that period; they first sought relief *on* November 10, 2025. **Ex. 3**, ¶ 6. *Second*, the reassignment of the February 2026 hearing—from Judge Bookhardt III to Judge Jacobus, and from February 23 to February 26—had no bearing on Plaintiffs' delay in following the Court's clear instructions to seek relief in State Court.

known by August 2024 to seek relief directly from the State Court. (Dkt. 101 at Ex. B (providing *Kennedy* protective order to Plaintiffs).) The Court also instructed Plaintiffs on October 24, 2024, to pursue such relief from the State Court. **Ex. 1** at 53:9-10. Although Plaintiffs set a hearing in *Kennedy* for July 24, 2025, it was canceled by the court after they failed to file the required notice. **Ex. 3** at Ex. A. Plaintiffs then took no action for several months before moving to reopen the *Kennedy* case. Despite knowing the discovery cutoff, the uncertainty of obtaining state court relief, and HF's pending relevance objections to the requests for the *Kennedy* materials, Plaintiffs waited until December 2025 to schedule the State Court hearing and set it for February 26, 2026. **Ex. 3**, ¶ 6 & Exs. B-D. Even had Plaintiffs obtained relief in State Court, they left no time to resolve HF's relevance objections in this Court prior to the discovery cutoff.[6] Plaintiffs cannot recast their multiple, lengthy delays as diligence.

### D.      Plaintiffs' Remaining Arguments.

Plaintiffs assert that "the ten depositions of the Health First personnel"[7] from *Kennedy* are "highly" relevant here,[8] Mot. at 5, but identify no testimony,

---

[6] Plaintiffs failed to bring any notice of timing difficulties to this Court's attention, much less seek relief, prior to the March 2, 2026 deadline.

[7] As HF has previously advised, the parties in *Kennedy* did not depose 10 HF personnel. (Dkt. 280 at 14 & n.8.)

[8] Plaintiffs never sought to depose any of those 10 individuals in this action. **Ex. 3**, ¶ 7.

topic, or subject matter from those depositions that relate to a claim or defense in this case. (Dkt. 280 at 13.) A request for discovery from a separate case "without any limitation . . . as to subject matter or content—is not appropriately tailored to produce relevant and proportional discovery in this case." *Stellato v. Medtronic Minimed, Inc.*, No. 6:19-cv-2180-Orl-37DCI, 2021 WL 3134685, at *3 (M.D. Fla. Feb. 2, 2021). Indeed, there is little, if any, overlap between *Kennedy* and this case. The plaintiffs differ; the relevant markets differ; the alleged conduct differs; the claims differ; and the alleged injuries differ. (Dkt. 280 at 12-13.)

Plaintiffs also contend that, were production ordered, the *Kennedy* confidentiality protections "would be safeguarded [here] by equivalent federal protection."[9] Mot. at 2. That contention overlooks the fact that **Plaintiffs seek relief this Court has already held it lacks authority to grant.** Plaintiffs are in the same position now as they were on October 24, 2024, when Judge Norway explained that the Court could not override the *Kennedy* protective order. The only

---

[9] Plaintiffs' reliance on *Crosby*, *King*, *Southerland*, and *Lanning* fails. Mot. at 6 & n.7. Those cases involved discovery of government records in federal civil rights actions. Neither those cases, nor *Blight*, involved a federal court overriding a state confidentiality order or compelling production thereunder. *In re Oracle*, the only case Plaintiffs cite addressing full faith and credit, does not help Plaintiffs. There, the federal court noted that it was not ordering production of state court materials because the party opposing production already possessed the documents, and it held that full faith and credit did not apply because the state order was modifiable. Here, by contrast, HF accessed the deposition transcripts *solely* through its participation in *Kennedy* and remains bound by that court's order, which merged into the final judgment (*see* n.10, *infra*) and is no longer modifiable. Thus, full faith and credit applies.

difference is that Plaintiffs attempted (after long delay) to reopen the *Kennedy* action and, when that failed, returned here to seek the materials regardless. Ordering production would require this Court to disregard the State Court's orders, an action this Court previously explained would violate the Full Faith and Credit Act, 28 U.S.C. § 1738. **Ex. 1** at 47:13-48:5. That conclusion remains correct.[10]

Finally, Plaintiffs argue that HF "does not even attempt to show" that (1) it would be prejudiced by the production of the ten depositions and (2) "the depositions are not likely to be highly relevant[.]" Mot. at 7. HF has consistently explained that producing the transcripts without State Court authorization would violate the *Kennedy* protective order, and it has raised relevance objections to Plaintiffs' requests for the *Kennedy* materials since August 2024. (Dkt. 101 at 3-5 & Ex. B; Dkt. 136 at 11-12, 14-16; Dkt. 280 at 11-15.)

### III.    CONCLUSION

For these reasons, the Court should overrule Plaintiffs' Objection and affirm the Court's Order.

Dated: May 4, 2026                     Respectfully submitted,

                                       */s/ Elizabeth B. Honkonen*
                                       Elizabeth B. Honkonen (FBN 0149403)

---

[10] The Full Faith and Credit Act requires federal courts to respect a state judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996). The *Kennedy* interlocutory orders, including the protective order, merged into the *Kennedy* final judgment, rendering them final. *See Oliver v. Stone*, 940 So. 2d 526, 529 (Fla. 2d DCA 2006). Consistent with the Full Faith and Credit Act, this Court should not disturb those orders.

Richard Alan Arnold (FBN 196643)
Maria Vita Passo (FBN 1064430)
SPERLING KENNY NACHWALTER, LLC
Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 373-1000
ebh@sperlingkenny.com
rarnold@sperlingkenny.com
mpasso@sperlingkenny.com

Allison G. Margolies *(pro hac vice)*
SPERLING KENNY NACHWALTER, LLC
321 N. Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
amargolies@sperlingkenny.com

William Campbell Haynes (*pro hac vice*)
SPERLING KENNY NACHWALTER, LLC
1221 Broadway, Suite 2140
Nashville, Tennessee 37203
Telephone: (615) 252-5800
chaynes@sperlingkenny.com

*Attorneys for Defendant Health First, Inc.*