UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA POWERS and CHRISTINA
ROSEAN,

     Plaintiffs,

v.                                                                      Case No: 6:23-cv-375-JSS-RMN

HEALTH FIRST, INC.,

     Defendant.

_____/

### **ORDER**

Plaintiffs object to the magistrate judge's order (Dkt. 285) denying their motion (Dkt. 254). (*See* Dkt. 292.) For the reasons discussed below, the court overrules Plaintiffs' objections and affirms the magistrate judge's order.

### **BACKGROUND**

The case management and scheduling order for this case set a March 2, 2026, "[d]eadline for completing merits fact discovery and filing any motion to compel merits fact discovery." (Dkt. 132 at 1.) On March 9, 2026, Plaintiffs filed a motion to re-open a hearing before the magistrate judge for final ruling to "seek production of confidential or sealed deposition video and stenographic transcripts and exhibits of the depositions of ten Health First personnel taken by the physician antitrust plaintiffs" in a state court case. (Dkt. 254 at 1–2.) At that hearing, on October 24, 2024, the magistrate judge had "explained to Plaintiffs that they need to seek the relief

requested . . . from the state court." (Dkt. 285 at 1–2.) Defendant filed a response opposing Plaintiffs' motion. (Dkt. 280.) The magistrate judge denied Plaintiffs' motion because Plaintiffs "waited thirteen months to file a motion with the state court and another three months to set a hearing on that motion," and then "waited six days after the close of discovery to file the" instant motion, so "the request [was] untimely" and Plaintiffs had "failed to establish their diligence." (Dkt. 285 at 1–2, 4 (emphasis omitted).)

## APPLICABLE STANDARDS

When a magistrate judge issues an order on a non-dispositive pretrial matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "Clear error is a highly deferential standard of review." *United States ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies, Inc.*, 101 F. Supp. 3d 1280, 1281 (S.D. Fla. 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 574. "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case[]law, or rules of procedure." *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-cv-1195-J-34MCR, 2013 WL 5330258, at *1

- 2 -

(M.D. Fla. Sept. 23, 2013) (cleaned up). "However, where the [m]agistrate [j]udge's order reflects an exercise of judicial discretion, the district court should reverse only when that discretion has been abused." *Bumbury*, 101 F. Supp. 3d at 1281 (citing *Sec. & Exch. Comm'n v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

## ANALYSIS

Having reviewed Plaintiffs' motion to reopen hearing (Dkt. 254), Defendant's response to the motion (Dkt. 280), the magistrate judge's order on the motion (Dkt. 285), Plaintiffs' objections to the order (Dkt. 292), and Defendant's response to Plaintiffs' objections (Dkt. 298), the court concludes that no part of the order is clearly erroneous or contrary to law. Thus, the court overrules Plaintiffs' objections and affirms the order.

While Plaintiffs assert that the magistrate judge's order was clear error, they cite no case law to support that assertion. (*See* Dkt. 292 at 3.) *See United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (explaining that a party forfeits a position when they "cite[] no legal authority to support it"). Plaintiffs also argue that their motion to reopen, filed on March 9, 2026, "relates back to their [m]otion to [c]ompel served on March 11, 2025," and that the magistrate judge "makes clear error by failing to find this latter fact, or by even failing to address it." (Dkt. 292 at 3.) Yet Plaintiffs again cite no case law to support their argument that the instant motion relates back to their previous motion in either their motion to reopen or their objection. (*See* Dkts. 254, 292.) *See Markovich*, 95 F.4th at 1379.

The court notes that Plaintiffs did not address Rule 16 in their motion to

reopen, nor did they contend that they had established diligence, as Plaintiffs admit. (*See* Dkt. 254; Dkt. 285 at 3 (noting that Plaintiffs' "[m]otion does not address Rule 16(b)(4)'s diligence and good cause requirements" and that they "do not even attempt to explain why they waited so long to seek the relief they are asking for now"); Dkt. 292 at 3 ("Plaintiffs did not brief diligence as to this few day[s] lapse.").)  A "district court has the discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009); *see United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (explaining that "[t]he magistrate judge system was designed to alleviate the workload of district courts" and "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court"); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and— having received an unfavorable recommendation—shift gears before the district judge."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").  "As the [c]ourt declines to consider Plaintiff[s'] new arguments raised for the first time in the [o]bjection, Plaintiff[s' o]bjection is due to be overruled on this basis." *Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, No. 3:15-CV-849-J-34PDB, 2017 WL 2992059, at *2 (M.D. Fla. July 14, 2017); *see Whittington v. Whittington*, No.

- 4 -

- 5 -

619CV1631ORL40DCI, 2020 WL 8224604, at *3 (M.D. Fla. Oct. 23, 2020) (declining to consider new arguments in an objection).

## CONCLUSION

Accordingly:

1. Plaintiffs' objections (Dkt. 292) are **OVERRULED**.

2. The magistrate judge's order (Dkt. 285) is **AFFIRMED**.

**ORDERED** in Orlando, Florida, on May 15, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record